**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Southgate Town and Terrace Homes, Inc.

**Case No.:** 22-20632 - A - 11

**Docket Control No.** CAG-4

**Date:** 11/07/2022
**Time:** 1:30 PM

**Matter:** [213] - Motion for Relief from Automatic Stay [CAG-4] Filed by Creditor California Department of Housing and Community Development (Fee Paid $188) (eFilingID: 7141193) (pdes) [213] - Notice of Hearing Re: [213] Motion for Relief from Automatic Stay [CAG-4] to be held on 11/7/2022 at 01:30 PM at Sacramento Courtroom 28, Department A. (pdes)

**Judge: Fredrick E. Clement**
**Courtroom Deputy: Janice Busch**
**Reporter: Electronic Record**
**Department: A**

---

**APPEARANCES for:**
**Movant(s):**
Creditor's Attorney - Elise Stokes
**Respondent(s):**
Debtor's Attorney - Stephen M. Reynolds

---

**CIVIL MINUTES**

**Motion:** Stay Relief
**Notice:** LBR 9014-1(f)(1); written opposition required
**Disposition:** Granted
**Order:** Civil minute order

Creditor California Department of Housing and Community Development moves for stay relief with respect to 7537 Franklin Blvd., Sacramento, California. Debtor Southgate Town and Terrace Homes opposes the motion.

**FACTS**

The debtor owns and operates a 104-unit residential development at 7537 Franklin Blvd., Sacramento, California. It is the debtor's only source of income. It provides its residents with local income housing.

Creditor California Department of Housing and Community Development loaned the debtor $2.1 million dollars to rehabilitate that property. That loan is memorialized by note and that note is secured by a deed of trust against that property. Unlike most deeds of trust, the deed of trust secures regulatory compliance with California's affordable housing program. Cal. Health & Safety Code § 50504 et seq.

On March 16, 2022, the debtor filed a Chapter 11 bankruptcy. On June 14, 2022, the debtor filed its plan of reorganization. Plan, ECF NO. 90. That date is 92 days after the date of the petition.

On July 18, 2022, this court designated the case a single asset real estate case. Order, ECF NO. 133.

Since that date the court disapproved the debtor's disclosure statement and order the debtor to file a new plan and disclosure statement.

**LAW**

The law on this point is well-settled.

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> ...
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
>
>> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>>
>> (B) the debtor has commenced monthly payments that--
>> (i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

>    (ii) are in an amount equal to interest at the then
>    applicable nondefault contract rate of interest on the
>    value of the creditor's interest in the real estate...

11 U.S.C. § 362(d)(3).

>    The burden of proof is allocated as follows:
>
>    (g) In any hearing under subsection (d) or (e) of this
>    section concerning relief from the stay of any act under
>    subsection (a) of this section—
>
>       (1) the party requesting such relief has the burden of
>       proof on the issue of the debtor's equity in property;
>       and
>       (2) the party opposing such relief has the burden of
>       proof on all other issues.

11 U.S.C. 362(g).

## DISCUSSION

The debtor has must either file a plan "that has a reasonable possibility of being confirmed within a reasonable time" or commence monthly payments to the creditor not later than 90 days after the petition or 30 days after the court determines that the debtor is a single asset debtor.  11 U.S.C. § 362(d)(3).  Here, on July 18, 2022, the debtor has determined to be a single asset debtor.  Order, ECF No. 133.

Absent a timely confirmable plan, payments, or a timely extension, the court should grant stay relief.  11 U.S.C. § 362(d)(3).  First, though timely, the plan is not confirmable.  A plan was filed on June 14, 2022.  Plan, ECF No. 90.  The centerpiece of that plan was rejection of the "Regulatory Agreement" with the movant, which the debtor perceived to be a regulatory contract.  Plan Art. 7.01; Mot. Reject Executory Contract, ECF No. 168.  This court has already held that the Regulatory Agreement was not an executory contract.  Civ. Minutes, ECF No. 201; Order, ECF No. 206.  Without the rejection of the contract the plan cannot be confirmed.  Monthly payments are inapplicable here since the defaults a regulatory, not monetary.  Moreover, the debtor does not argue otherwise.  Oppos., ECF No. 220.

Second, this court has not extended time to file a plan.  The debtor argues the applicability of this court's order at the status conference on September 26, 2022.  Order, ECF No. 207.  Two problems exit.  At the outset, any such extension must be made before expiration of the 90-day period following the petition.  11 U.S.C. § 362(d)(3).  That date expired June 12, 2022.  The order made by this court was more than 3 months later.  Moreover, the debtor misconstrues this court's order.  It was never intended to extend the deadlines of § 362(d)(3).  That order was issued on the same date that that the

court disapproved the disclosure statement. Civ. Minutes, ECF No. 200. The court was merely setting a bar date for filing a modified plan. 11 U.S.C. § 1112(b)(4)(J). In effect, this is s a second bar date, protecting all creditors, rather than the creditor specific bar date of § 362(d)(3). For each of these reasons, the motion will be granted.